[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Appeal from an assessment of damages in the amount of $107,000 made by the defendant Commissioner of Transportation in respect to the partial taking of the plaintiffs' land situated on the northerly side of Poquonock Avenue and the easterly side of Interstate Route 91 in the town of Windsor and more particularly described in a map entitled "Town of Windsor, land showing land acquired from Bruce Beckerman et al by the State of Connecticut Interstate Route 91 (Limited Access Highway, Scale 1" = 40', Nov. 1987, Robert W. Gubala, Transportation Chief Engineer Bureau of Highways." The parties stipulated that the date of taking was March 21, 1989, that the deposit of $107,000 had been paid and that they waived their right to have the court view the property being taken.
The subject property consists of a parcel of land containing 2.52 acres with a frontage of 356.37 feet CT Page 8170 on Poquonock Avenue and a non-access frontage of 366.77 feet on Interstate Route 91. The land is at street grade and slopes down an embankment about 5 feet to a paved parking area for stores. There is a small brook located at the northeast corner of the property. The property is improved by a one story building, 12,586 square feet in area and containing a restaurant and 6 retail stores. The highest and best use of the property is a continuation of its present use for retail stores in conformity with the business 2 zone in which it is located.
The take contains .529 acres. Although the taking will have no effect on the existing building if the land had not been taken a much larger building could have been erected on the subject property. The present owners were aware of the precise dimensions of the probable take at the time they purchased the subject property on December 31, 1986.
Peter Marsele, a real estate appraiser, testified as an expert witness on behalf of the plaintiffs. He used the market approach for his valuations. It was his opinion that the before value of the subject property was 1,374,000, the after value $1,172,000 and the damages $202,000. Although Marsele included the building in his valuation he readily acknowledged that the building was a wash item.
Rosario Ferraro, a staff appraiser in the Department of Transportation testified as an expert witness on behalf of the Commissioner. It was his opinion that the before value of the subject property was $448,000, the after value $341,000 and the damages $107,000. He did not include the building in his valuation. He used the market approach in his valuation. He acknowledged that in making his valuation he made no adjustment for time even though for some of the period under consideration there was a sharp increase in real estate values in the Hartford area. He allowed that a time adjustment would have produced an increase in his valuations.
I find Marsele's opinion more credible than Ferraro's. Giving due consideration to the testimony and reports of the expert witnesses and to my own knowledge of the elements that establish value I find that the before value of the subject property was 1,307,000, the after value 1,147,000. I therefore calculate damages of $160,000. CT Page 8171
Accordingly, judgment may enter for the plaintiffs in the amount of $160,000 less $107,000 already paid or an excess of $53,000 with interest on the excess from the date of taking to the date of payment together with costs and an appraisal fee of $2,000.
Leo Parskey State Trial Referee